TATE, Judge.
By this suit plaintiff seeks to recover for personal injuries sustained in an accident on the Airline Highway a few miles west of Baton Rouge when a Ford automobile owned and operated by him collided with a trailer truck owned by defendant Fortenberry and driven by the latter’s employee. Fortenberry and his liability insurer were made codefendants herein.[1]
Plaintiff appeals from adverse judgment dismissing his suit.
The substantial question of this appeal is whether (as plaintiff contends) the defendants’ driver made a sudden unsignalled left turn in the immediate path of plaintiff’s overtaking Ford, so that the sole proximate cause of the accident was such negligence on the part of defendants’ driver; or, contrariwise, whether (as the defendants’ contend and as the trial court held) the lack of lookout on the part of the plaintiff in failing to observe an adequately signalled intention on the part of the preceding truckdriver to turn left, and the plaintiff’s subsequent lack of control in running into said truck, contributed to the accident so as to bar recovery by plaintiff herein.
The facts show that the Airline Highway is a heavily traveled four-lane thoroughfare *827 running east-west at the place of the accident. The two northern (westbound) lanes are separated from the two southern (east-hound) lanes by a narrow neutral ground broken by “gaps” or “cutovers” to permit the passage of traffic from one side of the highway to the other. The night was foggy when the accident occurred near midnight on October 27, 1954.
Prior to the accident, defendants’ large truck and plaintiff’s passenger vehicle were both proceeding eastward on the southern half of the highway. Because of the poor visibility both vehicles were traveling at moderate speeds of 35-40 mph.
Both the plaintiff and the defendant’s driver testified that at least 200 feet before a cutover through the neutral ground leading towards an establishment known as the Joe Green Truck Stop which was located on the north shoulder of the highway, defendant’s truck pulled into the left or inside of the two eastbound lanes, turning on his blinking signals to indicate his intention to make a left turn, and commenced slowing. At this time, the plaintiff stated he was 200-300 feet behind the truck and further admitted that the rear of this large truck was well lighted and clearly visible, as were the clearly visible blinking lights indicating a left turn.
Defendant’s driver testified that he did not make a left turn at this gap, which the evidence indicates to be approximately 117 feet in length, because he felt his speed (30 mph) was not slowed enough.
It is at this point that the testimony of plaintiff and defendant’s drivers for the first time materially varies.
Defendant’s driver testified that he continued on in the inside eastbound lane up to the next gap in the neutral ground approximately 300 feet eastward, with his rear blinker lights still indicating his intention to make a left turn, continuing to slow until (at a speed of 10-15 mph) he reached the next gap; and that his trailer’s rear was struck as the truck turned into the gap in the neutral ground to cross the westbound lanes to the parking lot on the north shoulder. His testimony is corroborated by that of a bystander who watched the truck continue past the first break, with its blinker lights continuing to indicate a left turn, still in the inside of the two eastbound lanes (i. e., that next to the neutral ground) ; and also to a great extent by the physical facts of the accident as found by the investigating state policeman.
Plaintiff, to the contrary, testified that after the defendant’s truck had failed to turn left at the first gap, despite its clearly signalled intention to do so, it then swung into the right or outside lane and that plaintiff no longer noticed the blinking signal lights. He attempted to manuever to the left of said truck, he said, when it swung into a sudden and unsignalled left turn, as a result of which the collision occurred.
The arguments of both counsel were eloquent and possessed much cogent reasoning. But when all is said and done, this appeal concerns after all simply a factual case hinging for its determination essentially upon an evaluation of the credibility of the opposing witnesses.
And we certainly are not prepared to say that the District Court’s acceptance of the testimony of defendant’s driver, corroborated as it appears to be by another apparently credible witness and by the physical facts of the accident is manifestly erroneous so as to require a reversal of this judgment based thereupon, which dismissed plaintiff’s suit. See Jenkins v. Audubon Insurance Co., La.App. 1 Cir., 110 So.2d 221.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.

. The compensation insurer of Burt’s employee filed an intervention herein to secure reimbursement of weekly workmen’s compensation benefits and medical expenses paid to or on behalf of plaintiff Burt as a result of the injuries sustained by him in the accident, but does not appeal from dismissal of the intervention along with the main suit